# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOVE ALTONIO BROOKS, | : | No. 3:12cv67 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| B.A. BLEDSOE, ASSOCIATE | : | |
| WARDEN HUDSON, CAPTAIN S. | : | |
| SNYDER, CAPTAIN B. TRATE, | : | |
| OFFICER KEPNER, OFFICER SMITH, | : | |
| PSYCHOLOGIST MINK, CO T. | : | |
| CRAWLEY, UNKNOWN OFFICERS, | : | |
| OFFICER PRUTZMAN, HARRELL | : | |
| WATTS, J. L. NORWOOD, and | : | |
| A. JORDAN, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Martin C. Carlson's

Report and Recommendation.  (Doc. 39).   The Report and Recommendation

proposes that Plaintiff Love Altonio Brooks' (hereinafter "plaintiff") *pro se* civil

rights action pursuant to 42 U.S.C. § 1983 be dismissed, in part, and permitted

to proceed, in part.  Plaintiff has filed objections (Doc. 41) to the Report and

Recommendation and a motion to recall original claims.  (Doc. 42).  The

matters have been fully briefed and are ripe for disposition.

## Background

This is a *pro se* civil rights case that was first brought by plaintiff, a

federal prisoner, on January 11, 2012. (Doc. 1, Compl. (hereinafter "Compl.")). Plaintiff is an inmate formerly incarcerated in the Special Management Unit at the United States Penitentiary in Lewisburg, Pennsylvania (hereinafter "USP Lewisburg"). Plaintiff's initial complaint brought constitutional tort claims, pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. Plaintiff named the United States of America as a defendant and the following USP Lewisburg staff: Warden Bryan Bledsoe, Associate Warden Donald Hudson, Deputy Captain Sean Snider, Captain Bradley Trate, Correctional Officer Ty Crawley, Senior Officer Dennis Kepner, Psychologist Danielle Mink and Senior Officer Specialist Shannon Prutzman (hereinafter "defendants"). (Compl. at 2).

On May 14, 2012, the defendants filed a motion to dismiss and for summary judgment. (Doc. 14). On August 20, 2012, Magistrate Judge J. Andrew Smyser recommended that defendants' motion to dismiss and summary judgment be granted in part and denied in part. (Doc. 31).

Prior to the court ruling on Magistrate Judge Smyser's report and recommendation, plaintiff voluntarily sought leave to amend his complaint. (Doc. 32). The court granted plaintiff's unopposed request and directed

2

plaintiff to file a *full and complete amended complaint in all respects*.  (Doc. 34) (emphasis added).

Plaintiff filed his amended complaint on September 24, 2012.  (Doc. 38, Am. Compl. (hereinafter "Am. Compl.").  Plaintiff's amended complaint alleged a myriad of claims.  (Id.)  Generally, plaintiff alleges he has been the recipient of staff retaliation because he has been filing administrative grievances. Additionally, plaintiff alleges staff retaliation because plaintiff successfully prevailed in a previous *pro se* Bivens lawsuit against other USP Lewisburg staff.[1]

Plaintiff's specific allegations of retaliation include: (1) placement in a recreation cage with ice on the ground; (2) false accusations of "fondling my penis while wearing no pants" by Dr. Mink in a loud manner leading to strife between plaintiff and several other prisoners; (3) having personal items stolen and damaged by Defendants Smith and Prutzman; (4) denial of sheets, blankets, toilet paper, a shower and recreation by Defendant Smith; (5) exposure to chemical agents which filtered into plaintiff's area from other locations; (6) an attack by another inmate (as orchestrated by Defendant

_____

[1]Plaintiff received a five thousand dollar ($5,000.00) settlement in a previous *pro se* Bivens action.  See Brooks v. Smith et al., No. 3:04-cv-2680 (M.D. Pa) (Docs. 113, 114).

Kepner) while Defendant Crawley stood idly by, and a cover-up of the attack by medical staff who failed to assess his injuries; (7) the issuance of an incident report for fighting by Defendant Crawley and the finding of guilt and imposition of sanctions, including the loss of twenty-seven days of good conduct time by Defendant Jordan, after Defendant Jordan "colluded" with staff and falsely stated that plaintiff's witness refused to make a settlement; (8) the switching of plaintiff's staff representative at the disciplinary hearing to Case Manager Cotteral, who allowed Defendant Jordan to violate plaintiff's rights; (9) the double celling of inmates in smaller cells with no room to exercise; (10) being forced to cell with inmates who make it known they do not want cell mates, take psychiatric medication, are compulsive masturbators, and then being placed in shackles for long periods of time if you refuse a cell mate; (11) no duress buttons; (12) no ladders on the bunk beds, no storage shelves, no lockers and only one desk in the cells; (13) inadequate ventilation in cells, which caused heat rash; (14) visiting restrictions with one-hour video visits; (15) a rule by Warden Bledsoe prohibiting inmates from obtaining Uniform Commercial Code (hereinafter "UCC") documents; and (16) a rule by Warden Bledsoe rejecting books containing sexually explicit materials. (See

generally Am. Compl; Doc. 44, Br. in Opp'n to Pl.'s Objections at 3-4).[2]

On September 21, 2012, upon the retirement of Magistrate Judge Smyser, the case was referred to Magistrate Judge Martin C. Carlson for report and recommendation.

Liberally construed, the amended complaint names a number of supervisory officials as defendants, including two newly named Supervisory Defendants, Regional Director Norwood and National Appeals Administrator Harrell Watts.  (See Am. Compl.).  The other Supervisory Defendants include Warden Bledsoe, Associate Warden Hudson and Captains Snyder and Trate. (Id.)

On October 1, 2012, Magistrate Judge Carlson recommended that plaintiff's amended complaint be dismissed with prejudice as to Supervisory Defendants Bledsoe, Hudson, Snyder, Trate, Watts and Norwood, with the exception of plaintiff's complaint that Defendant Bledsoe adopted a policy that unconstitutionally restricted plaintiff's access to UCC materials, and materials depicting nudity.  (Doc. 39, Report and Recommendation at 17-18). Magistrate Judge Carlson also recommended that defendants' motion to

_____

[2]We make no ruling as to the veracity of plaintiff's allegations.  We merely recite the allegations contained within plaintiff's amended complaint.

dismiss the original complaint be dismissed as moot because plaintiff's amended complaint rendered the original complaint null and void. (Id. at 18).

On October 15, 2012, plaintiff filed objections to Magistrate Judge Carlson's recommendations (Doc. 41) and a motion to recall plaintiff's original claims. (Doc. 42). On October 31, 2012, defendants filed a brief in opposition to plaintiff's objections. On November 5, 2012, defendants filed a brief in opposition to plaintiff's motion to recall original claims (Doc. 45) to which plaintiff filed a reply on November 19, 2012. (Doc. 48). For the following reasons, plaintiff's objections and motion to recall original claims will be denied.

**Standard of Review**

When deciding whether to adopt the report and recommendation when no objections have been filed, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

In disposing of objections to a magistrate judge's report and

6

recommendation, the district court must make a de novo determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

Finally, courts are to construe complaints so "as to do substantial justice," keeping in mind that *pro se* complaints in particular should be construed liberally.  Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

**Discussion**

**A.  Report and Recommendation - No Objections**

Neither plaintiff nor defendants object to the recommendation that the claims that Defendant Bledsoe adopted a policy that unconstitutionally restricted plaintiff's access to UCC materials and materials depicting nudity be allowed to proceed.  No plain error has been discerned following a review of the record.  Accordingly, that part of the Report and Recommendation will be adopted.

Likewise, neither plaintiff nor defendants object to the recommendation

that plaintiff's claim for a specified sum of unliquidated damages should be stricken.   No plain error has been discerned following a review of the record. Accordingly, that part of the Report and Recommendation will be adopted.

## B.  Report and Recommendation - Objections

Although defendants do not object to the Report and Recommendation, plaintiff has three objections.  Plaintiff objects to the recommendations that: (1) the amended complaint takes the place of the original complaint; (2) the amended complaint should be dismissed with prejudice as to Supervisory Defendants Bledsoe, Hudson, Snyder, Trate, Watts and Norwood; and (3) the Magistrate Judge did not address all the issues in plaintiff's amended complaint.  We will address each objection in turn.

## 1.  Plaintiff's First Objection - Amended Complaint

First, plaintiff objects to the recommendation that the amended complaint takes the place of the original complaint.  In this regard, we will adopt Magistrate Judge Carlson's recommendation that plaintiff's amended complaint has taken the place of his original complaint because an amended complaint takes the place of the original complaint as a matter of law.  Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002); see also Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74, (2007) ("[W]hen a plaintiff

files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

Here, plaintiff voluntarily sought leave to amend his complaint. Defendants agreed not to object as long as the court ordered the plaintiff to file a full and complete amended complaint. On September 6, 2012, this court granted plaintiff's request and directed plaintiff *to file a full and complete amended complaint in all respects*.

Plaintiff filed an amended complaint on September 24, 2012. Plaintiff's amended complaint is eight (8) single spaced handwritten pages consisting of twenty (20) numbered paragraphs. Plaintiff's amended complaint re-alleges his original claims, expounds on three claims, and adds several more defendants. Although plaintiff states he never wished to file a new complaint, plaintiff's eight (8) single spaced typewritten pages and twenty (20) numbered paragraphs do just that. As a result, plaintiff's amended complaint supersedes his original complaint as a matter of law.

**2. Plaintiff's Second Objection - Dismissal of Defendants**

Plaintiff's second objection is to the dismissal of several supervisory defendants. We will adopt the Magistrate Judge's recommendation that the amended complaint should be dismissed with prejudice as to Supervisory

Defendants Bledsoe, Hudson, Snyder, Trate, Watts and Norwood. As to these supervisory defendants, plaintiff's amended complaint premises liability in large measure upon their supervisory status, and their alleged failure to act favorably upon plaintiff's prior complaints.

In supervisor liability cases, a supervisor may be held liable for his policies or practices. The Third Circuit Court of Appeals has developed a four-part test based on the Supreme Court's reasoning in City of Canton v. Harris, 489 U.S. 378 (1989) to determine policy or practice liability. Specifically:

> [T]o hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). Accordingly, these approaches are summarized as follows:

> In sum, to make out a claim of deliberate indifference based on direct liability (i.e., insofar as the defendants are alleged to have known of and ignored the particular risk that Whetzel posed), the plaintiffs must meet the test from Farmer v. Brennan, 511 U.S. 825, 834 (1994): They must show that the defendants knew or

were aware of and disregarded an excessive risk to the plaintiffs' health or safety, and they can show this by establishing that the risk was obvious. For the plaintiffs' claims seeking to hold supervisors liable for their deficient policies, <u>Sample's</u> four-part test provides the analytical structure for determining whether the policymakers exhibited deliberate indifference to the plaintiffs' risk of injury, it being simply the deliberate indifference test applied to the specific situation of a policymaker.

<u>Beers-Capitol</u>, 885 F.2d at 134-35.

Here, plaintiff does not allege specific facts relating to policies adopted by these supervisory officials. Plaintiff does not go beyond the recital of labels and conclusions. Plaintiff does not allege well-pleaded facts regarding the adoption of allegedly unconstitutional policies by individual supervisors.

Furthermore, it is equally clear that a claim of constitutional deprivation cannot be premised merely on the fact that the named defendants were prison supervisors when the incidents set forth in the amended complaint occurred. As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . <u>See</u> <u>Monell v. N.Y. Dept. of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); <u>see</u> <u>also</u> <u>Dunlop v. Munroe</u>, 11 U.S. 242, 268 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); <u>Robertson v. Sichel</u>, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or

11

> omissions of duty, of the subagents or servants or other persons
> properly employed by or under him, in the discharge of his
> official duties."). Because vicarious liability is inapplicable to
> <u>Bivens</u> and Section 1983 suits, a plaintiff must plead that each
> Government-official defendant, through the official's own
> individual actions, has violated the Constitution.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Furthermore, a supervisory

defendant, "must have personal involvement in the alleged wrongs. . . .

Personal involvement can be shown through allegations of personal direction

or of actual knowledge and acquiescence." <u>Rode v. Dellaciprete</u>, 845 F.2d

1195, 1207 (3d Cir. 1988).

Turning to plaintiff's amended complaint, plaintiff does not allege that the

supervisory defendants directed the specific conduct complained of, or had

advance knowledge of that conduct and acquiesced in it. Rather, plaintiff

argues these defendants are legally responsible for the overall operation of the

institution, and did not act to change prison conditions which the plaintiff found

offensive, an allegation which sounds in *respondeat superior* liability.

Plaintiff's cursory style of pleading is plainly inadequate to state a claim

against prison supervisors because plaintiff does not set forth any factual

basis other than these supervisory defendants are legally responsibly for the

overall operations of the institution. In other words, plaintiff has failed to state

12

a claim upon which relief can be granted against these defendants.

Finally, plaintiff alleges Supervisory Defendants Bledsoe, Hudson, Snyder, Trate, Watts and Norwood failed to act favorably upon plaintiff's prior complaints and grievances. Federal prisoners cannot sustain a constitutional tort claim against prison supervisors based solely upon assertions that officials failed to adequately investigate or respond to past grievances. Inmates do not have a constitutional right to a prison grievance system. Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977) (Burger, W., concurring); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); see also Fiore v. Holt, 435 F.App'x 63, 68 (3d Cir. 2011); Paluch v. Sec'y Pa. Dept. Corr., 442 F.App'x 690, 695 (3d Cir. 2011). Accordingly, plaintiff cannot state a claim upon which relief can be granted against these defendants.

**3.  Plaintiff's Third Objection - All Issues Not Addressed**

Finally, plaintiff objects on the basis that the Magistrate Judge did not address all the issues in his amended complaint. We have reviewed Magistrate Judge Carlson's Report and Recommendation. We find the Magistrate Judge thoroughly and competently addressed all issues raised

within plaintiff's amended complaint.  Accordingly, we will overrule plaintiff's objection.

## C.  Plaintiff's Motion to Recall Original Claims

In addition to filing objections, plaintiff filed a motion to recall his original claims on October 15, 2012.  Plaintiff requests the court incorporate all the claims of his original complaint and "re-adopt" Magistrate Judge Smyser's Report and Recommendation of August 20, 2012.  We have reviewed the record of this case.  Magistrate Judge Smyser's report was never adopted by this court because plaintiff filed an amended complaint.

As stated above, plaintiff's amended complaint supersedes his original complaint.  Plaintiff voluntarily sought leave to amend his complaint.  This court granted plaintiff's request and directed plaintiff *to file a full and complete amended complaint in all respects*.  Plaintiff's amended complaint is eight (8) single spaced handwritten pages consisting of twenty (20) numbered paragraphs.  Plaintiff's amended complaint re-alleges his original claims, expounds on three claims, and adds several more defendants.  Accordingly, we will deny plaintiff's motion to recall original claims.

**Conclusion**

For the reasons stated above, the court will overrule the plaintiff's objections to the report and recommendation. The court will adopt the report and recommendation, which dismissed with prejudice plaintiff's complaint as to a number of supervisory defendants. The court finds plaintiff's amended complaint renders the original complaint a nullity; therefore defendant's motion to dismiss the original complaint will be denied as moot. Finally, the court will deny plaintiff's motion to recall original claims. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOVE ALTONIO BROOKS,** | : | **No. 3:12cv67** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **B.A. BLEDSOE, ASSOCIATE** | : | |
| **WARDEN HUDSON, CAPTAIN S.** | : | |
| **SNYDER, CAPTAIN B. TRATE,** | : | |
| **OFFICER KEPNER, OFFICER SMITH,** | : | |
| **PSYCHOLOGIST MINK, CO T.** | : | |
| **CRAWLEY, UNKNOWN OFFICERS,** | : | |
| **OFFICER PRUTZMAN, HARRELL** | : | |
| **WATTS, J. L. NORWOOD, and** | : | |
| **A. JORDAN,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit this 29th day of November 2012, it is hereby
**ORDERED** as follows:

1) The Report and Recommendation of Magistrate Judge Carlson
(Doc. 39) is hereby **ADOPTED**.  Plaintiff's amended complaint is **DISMISSED**
**WITH PREJUDICE** as to Supervisory Defendants Bledsoe, Hudson, Snyder,
Trate, Watts and Norwood, with the exception of plaintiff's complaint that
Defendant Bledsoe adopted a policy that unconstitutionally restricted the
plaintiff's access to UCC materials, and materials depicting nudity.

16

2) Plaintiff's written objections to the report and recommendation (Doc. 41) are **OVERRULED**;

3) Plaintiff's motion to recall the original complaint (Doc. 42) is **DENIED**;

4) Defendants' motion to dismiss the original complaint (Doc. 14) is **DENIED** because plaintiff's amended complaint renders the original complaint moot.; and

5) The Clerk of Court is directed to **REMAND** this matter to Magistrate Judge Carlson for further pretrial management including resolution of defendants' motion to stay the case management order (Doc. 46) and plaintiff's motion to stay.  (Doc. 49).

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**