**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LOVE ALTONIO BROOKS,**<br>　　　　　　**Plaintiff**<br><br>　　　　v.<br><br>**B.A. BLEDSOE, OFFICER KEPNER,<br>OFFICER SMITH, PSYCHOLOGIST<br>MINK, CO T. CRAWLEY, UNKNOWN<br>OFFICERS, OFFICER PRUTZMAN,<br>A. JORDAN, D. YOUNG,<br>A. COTTERALL, OFFICER SMITH,<br>and GREGORY GEORGE**<br>　　　　　　**Defendants** | : No. 3:12cv67<br>:<br>: (Judge Munley)<br>:<br>: (Magistrate Judge Schwab)<br>:<br>: |

## ORDER

**AND NOW**, to wit, this 24th day of August 2015, it is **HEREBY ORDERED** as follows:

1. Plaintiff's objections to the Report and Recommendation (Doc. 123) are **OVERRULED**;

2. Defendants' objections to the Report and Recommendation (Doc. 129) are **SUSTAINED**;

3. The Report and Recommendation of Magistrate Judge Schwab (Doc. 120) is **ADOPTED** in part and **NOT ADOPTED** in part as follows:

    a. The Report and Recommendation is adopted without objection regarding defendants' motion to dismiss/motion for summary judgment (Doc. 69) as follows:

i. Plaintiff's FTCA claim against the United States pertaining to the alleged unlawful taking of plaintiff's personal property is **DISMISSED**;

ii. Plaintiff's <u>Bivens</u> claims seeking money damages against the United States and the individual defendants in their official capacities are **DISMISSED**;

iii. Plaintiff's <u>Bivens</u> claim asserting Dr. Mink verbally abused plaintiff in contravention of the Eighth Amendment is **DISMISSED**;

iv. Plaintiff's retaliation claim against Defendant Young regarding Young's rejection of books mailed to plaintiff is **DISMISSED**; and

v. Plaintiff's <u>Bivens</u> claim against Defendant Prutzman averring Prutzman stole and damaged plaintiff's personal property in violation of the Due Process Clause of the Fifth Amendment **SHALL PROCEED**.

b. After a *de novo* review of those portions of the Report and Recommendation against which objections were made, defendants' motion to dismiss/motion for summary judgment

(Doc. 69) is **GRANTED** as follows:

i. "Officer Smith" and the "Unknown Defendants" are **DISMISSED** under Rule 4(m) of the Federal Rules of Civil Procedure;

ii. Plaintiff's claims for injunctive relief are **DISMISSED as MOOT**;

iii. Plaintiff's <u>Bivens</u> supervisory liability claims against Defendants Bledsoe, Crawley, Kepner, Mink, Prutzman, Jordan, Coterall and Young are **DISMISSED**;

iv. Plaintiff's <u>Bivens</u> claims against Defendant Kepner alleging First Amendment retaliation pertaining to plaintiff's denial of recreation on April 14, 2011 are **DISMISSED**;

v. Summary Judgment is **GRANTED** in favor of Defendants Kepner and Crawley on plaintiff's First Amendment retaliation claim pertaining to the recreation cage assault on May 13, 2011;

vi. Summary Judgment is **GRANTED** in favor of Defendant George on plaintiff's Eighth Amendment denial of

3

medical claim stemming from the May 13, 2011 assault;

vii. Summary Judgment is **GRANTED** in favor of Defendants Crawley, Jordan and Cotterall on plaintiff's Fifth Amendment due process claims stemming from his disciplinary hearing on July 28, 2011;

viii. Summary Judgment is **GRANTED** in favor of Warden Bledsoe regarding the Bureau of Prisons' policy prohibiting inmates from possessing Uniform Commercial Code materials;

ix. Summary Judgment is **GRANTED** in favor of Warden Bledsoe pertaining to the Bureau of Prison's policy banning plaintiff from possessing Pronoland, Velvet Nightmares, Succulent, Smut, Sex, the Ultimate Lover's Guide, Heidi's Bedtime Stories and forty-two sexually explicit photographs;

x. Plaintiff's FTCA claims arising from the May 13, 2011 altercation are **DISMISSED** as unexhausted. These claims include: (1) whether USP-Lewisburg staff negligently included an unstable inmate in plaintiff's

recreation group; (2) whether USP-Lewisburg staff had a duty to protect inmates who are not allowed to defend themselves; (3) whether staff's refusal to offer plaintiff a means of retreat during the altercation established negligence; (4) whether staff's refusal to interfere during the altercation established negligence; and (5) whether plaintiff's denial of access to medical treatment constituted an act of ordinary negligence.

    xi. Summary Judgment is **GRANTED** in favor of the individual correctional officer defendants on plaintiff's <u>Bivens</u> inadequate ventilation claim under the Eighth Amendment; and

    xii. Summary Judgment is **GRANTED** in favor of the United States on plaintiff's FTCA personal injury claim arising from the "planned attack" on May 13, 2011.

4. Plaintiff's motion for summary judgment (Doc. 73) is **DENIED** in its entirety;

5. The sole claim that will proceed to trial is plaintiff's <u>Bivens</u> claim against Defendant Prutzman averring Prutzman stole and damaged

plaintiff's personal property in violation of the Due Process Clause of the Fifth Amendment. The only remaining defendant in this action, therefore, is Defendant Prutzman.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**